July 16, 1976.

M. P. No. 75-195. NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY *v.* PUBLIC UTILITIES COMMISSION *et al.* In pursuance to that part of our previously-filed decision in this matter[1] pertaining to the issuance, upon reapplication, of suspension orders under G. L. 1956 (1969 Reenactment) §39-5-4, as enacted by P. L. 1969, ch. 240, §8, the New England Telephone and Telegraph Company (the company) has reapplied to this court for a suspension of the Public Utilities Commission's (the commission) report and order dated June 27, 1975. A similar motion for a suspension was denied by this court prior to the argument on the merits on July 14, 1975. *New England Tel. & Tel. Co.* v. *Public Util. Comm'n,* 115 R. I. 909-10, 341 A.2d 59 (1975). With regard to the present application, the company filed with this court a so-called "Motion for a Stay" on June 4, 1976, and the matter was set down for oral argument on July 9, 1976. Argument was confined to five narrow issues deriving from those portions of the commission's June 27, 1975 order that were, by our previous decision, remanded to that body for reconsideration and supplemental decision. *New England Tel. & Tel. Co.* v. *Public Util. Comm'n,* 116 R. I. 943-44, 359 A.2d 711 (1976).

After consideration of the arguments, we have decided that, inasmuch as this court has found that purchases from Western Electric should not necessarily have been excluded from the company's plant cost and operating expenses, the commission shall forthwith suspend so much of its order of June 27, 1975, as is necessary to incorporate within the presently-effective tariff an amount sufficient to cover the company's purchases from Western Electric. For the purposes of this suspension only, such amount shall be based upon the record that was the basis of the commission's original order of June 27, 1975. The com-

---

[1] *New England Tel. & Tel. Co.* v. *Public Util. Comm'n,* 116 R. I. 356, 358 A.2d 1 (1976).

pany is hereby directed to file a bond in whatever amount shall be determined necessary subject to approval by this court or a justice hereof. Section 39-5-4.

In all other respects, namely, the erosion adjustment, the cost of equity, and the working capital allowance, the request for a suspension is denied. With regard to these three factors, the company has failed to establish, as is prescribed by §39-5-4, that justice and equity require a suspension or, if justice and equity do so require, it has failed to establish the extent to which these factors would be reflected in the ultimate tariff. *Peter J. McGinn, Andrew A. DiPrete,* and *Edwin K. Hall, Tillinghast, Collins & Graham, C. Duane Aldrich* (Of Counsel) Boston, Mass., for petitioner. *Julius C. Michaelson,* Atty. Gen., *Gregory L. Benik,* Spec. Asst. Atty. Gen., *R. Daniel Prentiss,* Spec. Asst. Atty Gen., for P.U.C., respondents. *Dennis J. Roberts, II, Roberts & Willey, Inc.,* for R. I. Consumers' Council.